IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| ) | |
| ESPERANZA BENNETT ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

Plaintiff, United States of America ("United States"), through its undersigned counsel, hereby sues Defendant Esperanza Bennett ("Defendant") and alleges as follows:

**INTRODUCTION**

1. Starting as early as 2017 and continuing to the present, Defendant has assisted and facilitated a predatory mail and wire fraud scheme that primarily victimizes senior citizens of the United States. Participants in the scheme contact potential victims, falsely claim that those victims have won a sweepstakes or lottery, and thereby induce the victims to transmit money to Defendant to account for taxes and fees purportedly associated with victims' falsely promised winnings.

2. The United States seeks to prevent continuing and substantial injury to victims of this fraudulent scheme by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345 to enjoin the ongoing commission of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is the United States.

6. Defendant is a resident of Frederick, Maryland. Defendant engaged, and continues to engage, in the conduct described in this Complaint from within the District of Maryland.

## FRAUDULENT SCHEME

7. Since at least as early as December 2017, Defendant has assisted and facilitated a fraud scheme by accepting victim payments and providing those payments to participants of the scheme.

8. Operators of the fraud scheme engage in a sweepstakes or lottery scam. Callers associated with the fraud scheme contact victims, who often are senior citizens, and falsely claim that the victims have won the lottery. Typically, the callers then tell the victim that he or she needs to wire or otherwise transmit money to pay for fees and/or taxes allegedly associated with winning the lottery. These claims are false and fraudulent, as the members of the scheme know the victim has not won the lottery and that there is no need for the victim to wire fees and/or taxes associated with winning the lottery.

9. Since at least December 2017, victims have been harmed by the fraudulent scheme facilitated by Defendant. Defendant plays a critical role in the scheme by receiving victim payments by mail and providing those payments to individuals in Jamaica engaged in the scheme.

10. On or about November 14, 2019, Defendant spoke with United States Postal Inspectors, who explained that by sending and receiving money and packages she was facilitating lottery fraud, and advised her to stop participating in sweepstakes or lottery schemes. Defendant then voluntarily signed an Unlicensed Money Transmitter Letter presented to her by United States Postal Inspectors that described the nature of the fraudulent scheme. By signing the Letter, Defendant acknowledged that if she continued to receive or send funds from sweepstakes victims, she could face civil or criminal penalties.

11. Despite signing this letter, Defendant continues to assist and facilitate the fraud scheme by receiving victim payments, and then providing those payments to participants of the scheme.

## **DEFENDANT'S KNOWLEDGE OF FRAUD**

12. Upon information and belief, the United States alleges that Defendant has knowledge that her conduct facilitates a mail and wire fraud scheme.

## **HARM TO VICTIMS**

13. Victims suffer financial losses from the mail and wire fraud scheme facilitated by Defendant.

14. The scheme disproportionately affects elderly victims.

15. Absent injunctive relief by this Court, Defendant's conduct will continue to cause injury to victims.

## **COUNT I**

16. Paragraphs 1-15 are incorporated by reference and realleged herein.

17. By reason of the conduct described herein, Defendant violated, is violating, and is about to violate 18 U.S.C. §§ 1341 and 1343 by facilitating a scheme and artifice to defraud to

obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, using interstate or foreign wire communications.

18. Upon a showing that Defendant is committing or about to commit wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just to prevent a continuing and substantial injury to consumers.

19. As a result of the foregoing, the Court should enjoin Defendant's conduct under 18 U.S.C. § 1345.

## **RELIEF REQUESTED**

Plaintiff, United States of America, requests of the Court the following relief:

I. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in any lottery scam or money transmitting business; and

II. That the Court order such other and further relief as the Court shall deem just and proper.

Respectfully Submitted,

ROBERT K. HUR
UNITED STATES ATTORNEY


_____/s/_____
Evelyn Lombardo Cusson
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
Tel: 410-209-4833
Evelyn.cusson@usdoj.gov
GUSTAV W. EYLER

Director
Consumer Protection Branch

JACQUELINE BLAESI-FREED
Assistant Director
Consumer Protection Branch


**/s/** Amy P. Kaplan
AMY P. KAPLAN
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 598-8153
Fax: (202) 514-8742
amy.p.kaplan@usdoj.gov

Counsel for the United States of America

5